IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| LESLIE McQUISTON, | ) | Cause No. CV 04-49-H-CSO |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER PERMITTING PLAINTIFF |
| | ) | TO RESPOND TO § 1983 STATUTE |
| WILLIAM SLAUGHTER; MIKE | ) | OF LIMITATIONS ISSUE |
| MAHONEY; DIANA L. KOCH; | ) | |
| DEPARTMENT OF CORRECTIONS, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

On August 23, 2005, this Court granted the Defendants' motion for summary judgment. Judgment was entered on August 30, 2005. On August 31, 2005, Plaintiff McQuiston moved for a new trial, pursuant to Fed. R. Civ. P. 59, asserting that he did not receive a copy of Defendants' motion.

Rule 59 does not apply to McQuiston's case. There was no trial. McQuiston's contention that he failed to receive service of the motion and supporting papers falls more appropriately under the "surprise" provision of Fed. R. Civ. P. 60(b)(1).[1]

---

[1] A motion filed under Fed. R. Civ. P. 60(b) within ten days after the entry of judgment tolls the time for appeal. See Fed. R. App. P. 4(a)(4)(A)(vi). McQuiston's motion was filed one day after the entry of judgment. Consequently, he will not be prejudiced by the Court's recharacterization of his Rule 59 motion as a Rule 60 motion.

The record shows that Defendants properly served their moving papers. "Service by mail is complete upon mailing." Fed. R. Civ. P. 5(b)(2)(B). However, McQuiston asserts that "[t]he prison often delivers mail to prisoners other than [those] to whom it is addresse[d]," that mail is sometimes left in prisoners' cells, presumably when they are open to other prisoners, and that mail occasionally does not arrive. See Reply (doc. 21) at 1.[2]

While there is no particular evidence to show that any of those things occurred in this case, the Court will give McQuiston the benefit of the doubt by permitting him to respond to the Defendants' contention that his case is barred by the three-year statute of limitations under 42 U.S.C. § 1983. Because Defendants' motion was based on three grounds, rather than only on the statute of limitations issue, and because McQuiston can adequately respond in ten pages, it is appropriate to limit McQuiston's response.

Finally, the Court notes that McQuiston is apparently now incarcerated at the Great Falls Regional Prison. It remains McQuiston's responsibility to immediately alert the Clerk of Court of any change in his address. It is not the Court's

---

[2] He also notes that the Department of Corrections occasionally loses an order requiring them to respond within a certain time. Id.

ORDER PERMITTING PLAINTIFF TO RESPOND TO
§ 1983 STATUTE OF LIMITATIONS ISSUE / PAGE 2

responsibility to investigate or verify his address.

Based on the foregoing, the Court enters the following:

**ORDER**

1.  On or before **January 31, 2006,** McQuiston may file a brief of no more than **ten (10) pages**, excluding certificate of service and any exhibits, in response to Defendants' contention that his case is barred by the statute of limitations.

2.  The Court will reserve ruling on McQuiston's motion until his response is filed.

3.  Defendants may not reply to McQuiston's response absent a court order requiring them to do so.

4.  Plaintiff must immediately notify the Court and counsel for the Defendants of any change of address.  Failure to do so may result in dismissal of this case without further notice.

5.  **The Clerk of Court shall serve this Order on McQuiston at the following address**:

Leslie McQuiston # 19555
Great Falls Regional Prison
3800 Ulm North Frontage Rd.
Great Falls, MT 59404

DATED this 5th day of January, 2006.

**/S/ Carolyn S. Ostby**
Carolyn S. Ostby
United States Magistrate Judge